UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                    Bankruptcy No. 12-30114
                                                          Chapter 7
Troy Alan Hentz,

        Debtor.
_____/

## MEMORANDUM AND ORDER

Before the Court is the Trustee's Motion to Extend Time to Object to Discharge and the Trustee's Motion for a Rule 2004 Examination. Debtor filed a response in opposition to both motions.

**A.  Trustee's Motion to Extend Time to Object to Discharge**

Rule 4004 of the Federal Rules of Bankruptcy Procedure provides the time for objecting to discharge and grounds upon which an extension of the time may be granted. Fed. R. Bankr. P. 4004. If a party in interest files a motion for an extension of time no later than 60 days after the first date set for the meeting of creditors under section 341, the court may grant the motion for cause after notice and a hearing. Fed. R. Bankr. P. 4004(a), (b). The determination of whether cause exists is a fact-driven analysis that must be decided on a case-by-case basis. In re Boltz-Rubinstein, 454 B.R. 614, 620 (Bankr. E.D. Pa. 2011); In re Stonham, 317 B.R. 544, 547-48 (Bankr. D. Colo. 2004). The movant must establish at least a reasonable degree of due diligence to be accorded the requested extension. In re Stonham, 317 B.R. at 547; In re Ballas, 342 B.R. 853, 856 (Bankr. M.D. Fla. 2005), aff'd 212 Fed. Appx. 867 (11th Cir. 2006).

1

The Trustee, who is a party in interest,[1] filed his motion seeking an extension of time to object to discharge on May 18, 2012, more than a week before the deadline under Rule 4004(a). Debtor objected to the motion, asserting that the Trustee has had sufficient time to investigate Debtor's financial affairs and there is no justifiable reason to grant an extension. As grounds for the motion, the Trustee asserts that he requested documentation from Debtor and his wife and they failed to produce all that he requested. Specifically, the Trustee alleged that Debtor and his wife failed to explain transactions between Debtor, his wife, his father and closely related companies. He also maintained that Debtor has not explained the apparent dissipation of funds from a bank account and retirement fund. Consequently, the Trustee seeks to continue his investigation into Debtor's financial affairs.

The Court finds that the Trustee demonstrated diligence by reviewing Debtor's financial information and requesting certain documentation from Debtor, but had not received all the documentation requested as of the date he filed his motion. Based on the information outlined in the Trustee's motion seeking an extension of time to object to discharge and his motion for 2004 examination, the Court finds that an extension of the time to allow the Trustee to complete his investigation is appropriate. See Opportunity Bank, N.A. v. Martinsen (In re Martinsen), 449 B.R. 917, 924 n.6 (Bankr. W.D. Wis. 2011) (granting trustee's motion to extend the deadline to file a denial-of-discharge or nondischargeability complaint because trustee wished to conduct an additional investigation into the possibility of claims).

---

[1] In re Farmer, 786 F.2d 618, 620 (4th Cir. 1986) (finding that a trustee is a party in interest under Rule 4004 because he or she may object to discharge under 11 U.S.C. § 727); In re Cooper, 2003 WL 1965711, at *4 (Bankr. N.D. Iowa April 7, 2003) (finding a party in interest is one that has standing to litigate the dischargeability complaint).

2

**B.     Trustee's Motion for a Rule 2004 Examination**

"On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  The plain meaning of subdivision (a) grants the court "complete discretion in making a determination regarding Rule 2004 examinations." In re French, 145 B.R. 991, 993 (Bankr. D.S.D. 1992).

The scope of a Rule 2004 examination is broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.  In re Apex Oil Co., 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989).  "The exploration can be in the nature of a fishing expedition.  The examination may be exploratory and groping and may be as searching to him as appears proper."  Id.; see also In re French, 145 B.R. at 992 ("Bankruptcy Rule 2004 is designed to be a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case, . . . .").  The request for discovery concerning debtor's assets and financial affairs may include examination of the debtor and/or third parties.  In re Apex Oil Co. 101 B.R. at 102.

The Trustee alleges that Debtor deposited more than $30,000 in his wife's account less than a year before he petitioned for bankruptcy relief.  Shortly after the deposit, Debtor's wife allegedly withdrew $20,000 and transferred $5,000 to a retirement account.  The Trustee claims both Debtor and his wife declined to explain how the funds were spent.

The Trustee also alleges that there appears to be transactions between Debtor, his wife and his father and several closely related companies in which Debtor and/or his wife own an interest.  According to the Trustee, Debtor testified that he operated a tree service named VTS Rock, Inc. and also operated a corporation named Valley Tree Services, Inc.

3

The address of these businesses was 9812 County Road 21, Hankinson, North Dakota.[2] Debtor sold the assets of VTS Rocks, Inc. in August 2008. In 2009, Debtor's wife created a corporation named Valley Tree Service, Inc., which operated at the same location as Debtor's business (9812 Country Road 21). The Trustee maintains that Debtor operated Valley Tree Services, Inc. until his wife purchased the assets through a loan by Lincoln State Bank in 2009. The Trustee also alleges that Debtor sold trees that were grown on this father's property, across the highway from Debtor's house. The Trustee suspects that Debtor may have been insolvent at the time he transferred assets to his wife's business and that he has been the person operating his wife's business since it was formed.

The Trustee discovered a fourth business, Hentz Salvage Yard, which was not listed on the bankruptcy petition, but was also allegedly owned and operated by the Debtor from the 9812 location. He claims Debtor has not provided sufficient information regarding the businesses owned and/or operated by Debtor and members of his family.

In addition, Debtor's father is listed as a secured creditor for the mortgage on Debtor's house. The Trustee requested proof of the mortgage, but claims Debtor has not provided it.

Debtor filed an objection to the Trustee's motion for a Rule 2004 examination, contending that both VTS Rocks, Inc. and Valley Tree Services, Inc. were sold in 2008 to a competitor, Mark's Sand and Gravel Dakota, which then employed Debtor full time. Debtor arranged to sell equipment owned by his businesses through an auction on

---

[2] On his petition, Debtor listed his homestead as 9815 County Road 21, Hankinson, North Dakota. Debtor's father, Brandon Hentz, lives at 9810 County Road 21.

September 30, 2008.  However, due to the stock market crash the assets were not sold at the profit originally expected by Debtor.  Some tree-digging equipment was not sold at the auction.  Lincoln State Bank held a security interest in the equipment.  Debtor's wife reached an agreement with Lincoln State Bank to purchase the equipment.  Debtor denies operating the business his wife owns.

Debtor also denied owning Hentz Salvage Yard.  He testified that his father owns this business.

While the Debtor's affidavit and response likely clarified several issues for the Trustee, they do not obviate the justification for a Rule 2004 examination.  The Court finds that the Trustee has established good cause for conducting 2004 examinations and issuing subpoenas to further the investigation of Debtor's financial affairs.  The issues raised by the Trustee relate to businesses owned by Debtor and other assets in which he may have owned an interest.  Debtor has not established undue hardship or injustice which outweighs the Trustee's interest in completing a thorough investigation of the debtor's assets and liabilities.

### C. Conclusion

For the reasons discussed above, IT IS ORDERED that the Trustee's Motion to Extend Time to Object to Discharge is GRANTED.  The deadline to object to discharge is extended to July 27, 2012.  Debtor's objection to this motion is OVERRULED.

IT IS ALSO ORDERED that the Trustee's Motion for 2004 Examination is GRANTED.  The Trustee is authorized to conduct a 2004 examination of Debtor Troy Alan Hentz, Terrus Hentz, Brandon Hentz and a representative of Lincoln State Bank.  During these examinations, the Trustee may question the deponents about all matters related to

"the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b); see also In re Apex Oil Co. 101 B.R. at 102 (noting that if the person seeking a 2004 examination shows that a third person has a relationship with Debtor or his businesses and may have information regarding Debtor's assets, financial affairs or the administration of the bankruptcy estate, the party is subject to the Rule 2004 investigation). The Trustee is also authorized to issue subpoenas to further his investigation of Debtor's financial affairs. Debtor's objection is OVERRULED.

Dated: June 18, 2012.

    /s/   SHON HASTINGS
Shon Hastings, Judge
United States Bankruptcy Court